## THE STATE *v.* WARNER ROBINSON.

1. CRIMINAL LAW. *Plea in abatement and plea of not guilty.* When a plea in abatement to an indictment is submitted to the jury, together with the plea of not guilty, and the jury find the issue on the plea in abatement in favor of the defendant, he should be held for another indictment, though the jury be discharged without his consent.

2. SAME. *Indictment. Grand jury.* An indictment for a felony should be drawn and witnesses examined upon the indictment. An indictment for larceny cannot be found upon the testimony of a witness summoned before the grand jury to testify as to offenses as to which they have inquisitorial powers, who upon his examination testified as to the felony, and upon such testimony the indictment was afterward drawn and found.

### FROM TROUSDALE.

Appeal in error from the Circuit Court of Trousdale County. N. W. McCONNELL, J.

ATTORNEY-GENERAL LEA for the State.

R. S. Smith for Robinson.

McFARLAND, J., delivered the opinion of the court.

The State *v.* Robinson.

To this indictment for larceny the defendant pleaded in abatement in substance that it was found upon the testimony of the prosecutor, who was not sworn to give testimony upon the indictment, but was summoned before the grand jury to testify as to offenses as to which the grand jury have inquisitorial power, and was sworn accordingly, and upon this examination testified in relation to this offense, and that afterward the indictment was drawn and found by the grand jury upon the testimony previously had by them in the manner stated. The jury were sworn to try the truth of this plea, and also to try the issue upon the defendant's plea of not guilty. They found the issue on the plea in abatement in favor of the defendant, and the court thereupon discharged him, and the jury were discharged without rendering a verdict on the plea of not guilty — so far as appears, without the consent of defendant. The Attorney-General has appealed. The proof sustains the finding of the jury, which we think was a valid plea.

Judgment affirmed, but the prisoner should be held for another indictment, inasmuch as although the jury were sworn to try the defendant upon the plea of not guilty, and discharged without his consent, the indictment not being valid, he may be indicted and tried again.